UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 19-313 |
| | ) | |
| HUBBARD PROPERTIES, INC., | ) | |
| HUNTER'S POINTE, LLC, | ) | |
| and BETHANY PETZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

The United States of America alleges as follows:

## NATURE OF ACTION

1.  The United States brings this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act" or "FHA").  This action is brought on behalf of Curtis Williams under 42 U.S.C. § 3612(o).

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).

3.  Venue is proper in this District under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred there and because the Defendants reside there.

1

## THE PARTIES AND THE SUBJECT PROPERTY

4.  Hunter's Pointe Apartments, located at 3205 Lloyds Lane, Mobile, Alabama ("the Subject Property"), is an apartment complex consisting of approximately 201 units.  It is located in the Southern District of Alabama.

5.  The units at the Subject Property are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

6.  Defendant Hunter's Pointe, LLC ("Hunter's Pointe") is a limited liability company organized under the laws of Alabama.  Its principal office address is 2275 Green Springs Highway, Birmingham, AL 35205.

7.  At all relevant times, Hunter's Pointe owned the Subject Property.

8.  Defendant Hubbard Properties, Inc. ("Hubbard Properties") is a domestic corporation incorporated in Alabama under Alabama law.  Its principal office address is 2275 Green Springs Highway, Birmingham, Alabama 35205.

9.  At all relevant times, Hubbard Properties operated and managed the Subject Property on behalf of Hunter's Pointe.

10. At all relevant times, Hubbard Properties employed Defendant Bethany Petz ("Ms. Petz") as the property manager at the Subject Property.  Ms. Petz was acting within the scope of her employment with respect to her actions described herein.

## FACTUAL ALLEGATIONS

11. At all relevant times, Curtis Williams ("Mr. Williams") was a person with a disability as defined by the FHA, 42 U.S.C. § 3602(h).  He has been diagnosed with cardiomyopathy, chronic systolic heart failure, and severely reduced left ventricular systolic function.  He receives Supplemental Security Disability ("SSD") benefits.  His disability substantially

limits major life activities, including his ability to work, to walk more than 50 feet

without stopping, and to climb one flight of stairs.

12. Mr. Williams began living at the Subject Property in approximately July 2012.  He

continued to reside at the Subject Property until approximately June 2018.

13. In March 2017, Mr. Williams was hospitalized for approximately one week and treated

for congestive heart failure.  Mr. Williams became disabled following his hospitalization.

Mr. Williams was approved for SSD benefits in July 2017.  For purposes of his SSD

benefits, the Social Security Administration deemed him disabled as of March 13, 2017.

14. At the time of his hospitalization, Mr. Williams lived in a second floor unit at the Subject

Property.  He had to climb at least 20 steps to reach his unit.

15. In July 2017, Mr. Williams observed that a ground floor unit in his building was vacant

and inquired with Ms. Petz about transferring to the vacant unit because of his disability.

Specifically, he explained that he wanted to transfer because his disability limited his

ability to climb stairs.  Ms. Petz informed Mr. Williams that he would have to submit an

application to be considered for a transfer.  Ms. Petz also informed Mr. Williams that he

should provide a letter from his doctor in support of his request.

16. At the time of this conversation, a ground floor unit in Mr. Williams's building was

vacant.

17. On or about August 4, 2017, Mr. Williams gave Ms. Petz a letter from his treating

cardiologist.  The letter, which was dated August 2, 2017, stated that Mr. Williams had "a

significant cardiac history that is notable for cardiomyopathy and systolic congestive

heart failure" and that it would be "beneficial for Mr. Williams's overall health to have an

apartment downstairs."  Ms. Petz retained a copy of the letter and gave Mr. Williams an

application form for purposes of requesting a transfer.  At the time, the same ground floor

unit in Mr. Williams's building was still vacant.

18. On or about August 11, 2017, Mr. Williams submitted to Ms. Petz an application to

request that he be transferred to a ground floor unit at the Subject Property.

19. On his application, Mr. Williams listed his employer as "disability" and marked that he

required a ground floor unit as a "special accommodation."  Mr. Williams also submitted

a copy of his SSD approval letter.

20. The Defendants charged the same rent for both the unit where Mr. Williams resided and

the unit to which Mr. Williams applied to transfer.

21. At all relevant times, the Defendants had a written policy that governed requests by

residents at the Subject Property to transfer to other units at the Subject Property ("the

Transfer Policy").

22. The Transfer Policy permitted residents to transfer to a different unit at the Subject

Property provided they

> "[h]ave been in their current apartment at least one year[,] [h]as a
> good payment record (late no more than 3 times in the last twelve
> months and no more than 1 NSF in the last 12 months)[,] [p]ays a
> new deposit[,] [p]ays a non-refundable $200.00 transfer fee[,]
> [and] [c]urrent apartment must be inspected for damages."

23. The Transfer Policy also provided that "[i]f a resident has not been able to pay their

current rent in a timely manner, do not transfer them to an apartment with a higher rental

rate."

24. The Defendants also had written "Rental Qualification Guidelines" that stated that the

monthly income of an individual applying for a unit at the Subject Property "should be"

at least three times the monthly rent for the unit.

25. On or about August 16, 2017, Mr. Williams received a letter from Ms. Petz denying his request to transfer to a ground floor unit at the Subject Property. The stated reason for denying Mr. Williams's request was that his monthly income was less than three times the monthly rent for the unit.

26. Mr. Williams's expected monthly income at the time from his SSD benefit was approximately $125 less than three times the monthly rent for the unit.

27. On or about August 24, 2017, Mr. Williams approached Ms. Petz and asked her to reconsider the denial. Specifically, Mr. Williams asked that his request to transfer to a ground floor unit be granted despite the Transfer Policy. Ms. Petz stated that Mr. Williams would not be approved for a transfer unless his monthly income was three times the monthly rent for the unit.

28. Between September 2017 and December 2017, at least two other ground floor units in Mr. Williams's building became vacant and available for rent.

29. Following the August 24, 2017, conversation, on at least one occasion, Mr. Williams again inquired with Ms. Petz about transferring to a vacant ground floor unit in his building. In support of his request, Mr. Williams gave Ms. Petz an updated letter from his doctor that described his disability and his need to transfer to a ground floor unit.

30. Ms. Petz again denied Mr. Williams's request to transfer units, saying words to the effect, "I'm sorry, we've been over this. You just don't qualify."

31. In 2016 and 2017, the Defendants approved at least three transfer requests for non-disabled residents at the Subject Property. The Defendants approved these requests despite the fact that the residents did not qualify under the Transfer Policy to transfer units. Two had each made more than four late rental payments during the twelve months

preceding their transfer requests and each requested to transfer to a unit with a higher monthly rent than his current unit; a third had, at the time of her application and her transfer, lived in her current unit for less than one year.

32. On or about June 1, 2018, Mr. Williams moved out of the Subject Property to a ground floor unit at a different apartment complex.

## HUD ADMINISTRATIVE PROCESS

33. On or about September 17, 2017, Mr. Williams filed a timely complaint regarding the Defendants' actions with the U.S. Department of Housing and Urban Development ("HUD").  HUD sent notice of Mr. Williams's complaint to the Defendants on or about September 21, 2017.

34. In accordance with 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.  Based upon the information gathered in the investigation, the Secretary, in accordance with 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe the Defendants violated the Fair Housing Act.  Therefore, on May 8, 2019, the Secretary issued a Charge of Discrimination, in accordance with 42 U.S.C. § 3610(g)(2)(A), charging the above-named Defendants with engaging in discriminatory housing practices on the basis of disability.  Specifically, HUD's Charge of Discrimination charged the above-named Defendants with violating 42 U.S.C. § 3604(f)(1), (f)(2), and (f)(3)(B) by refusing to grant Mr. Williams's transfer request and by treating his transfer request less favorably than transfer requests made by non-disabled residents of the Subject Property.

6

35. On May 28, 2019, the Defendants elected to have the claims asserted in the HUD Charge resolved in a civil action in accordance with 42 U.S.C. § 3612(a).  On May 28, 2019, the HUD Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on Mr. Williams's complaint.

36. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action in accordance with 42 U.S.C. § 3612(o).

## FAIR HOUSING ACT VIOLATIONS

37. The allegations described above are hereby incorporated by reference.

38. By the actions set forth above, the Defendants have:

    a.   Discriminated in the rental, or otherwise made unavailable or denied a dwelling to a renter because of a disability of that renter, in violation of 42 U.S.C. § 3604(f)(1);

    b.   Discriminated in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a disability of that renter, in violation of 42 U.S.C. § 3604(f)(2); and

    c.   Refused to make reasonable accommodations in rules, policies, practices, or services, when such an accommodation was necessary to afford a person with a disability equal opportunity to use and enjoy his dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

39. As a result of the Defendants' conduct, Mr. Williams has been injured and is an "aggrieved person" as defined by 42 U.S.C. § 3602(i).

40. The discriminatory actions of the Defendants were intentional, willful, and taken in reckless disregard of the rights of Mr. Williams.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court enter an Order that:

a. Declares that the Defendants' discriminatory conduct violates the Fair Housing Act;

b. Enjoins the Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from:

i. Discriminating on the basis of disability, in violation of the Fair Housing Act;

ii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Mr. Williams to the position he would have been in but for the discriminatory conduct; and

iii. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future;

    c.   Awards monetary damages to Mr. Williams in accordance with 42 U.S.C. §§ 3612(o)(3)

        and 3613(c)(1); and

    d.   Awards such additional relief as the interests of justice may require.


Dated: June 24, 2019

Respectfully submitted,

WILLIAM P. BARR
Attorney General

*s/ Eric S. Dreiband*
ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

*s/ Sameena Shina Majeed*
SAMEENA SHINA MAJEED
Chief

*s/ Colin Stroud*
MICHAEL S. MAURER
Deputy Chief
COLIN STROUD
Trial Attorney
NY State Bar ID: 5402136
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Northwest Building, 7th Floor
Washington, DC 20530
Phone: (202) 514-4737
Fax:  (202) 514-1116
E-mail: Colin.Stroud@usdoj.gov

Attorneys for Plaintiff
United States of America

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Hubbard Properties, Inc.,
Hunter's Pointe, LLC, and
Bethany Petz

**(b)** County of Residence of First Listed Plaintiff    N/A
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Mobile County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Colin Stroud, U.S. Dept. of Justice, Civil Rights Division -- HCE
950 Pennsylvania Ave. NW, Washington, DC 20530
(202) 514-4737

Attorneys *(If Known)*
Kenyen R. Brown
Maynard Cooper & Gale
11 North Water St., Ste. 24290, Mobile, AL 36602

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Housing Act, 42 U.S.C. § 3604(f)(1), (f)(2), & (f)(3)(B)
Brief description of cause:
Discrimination in housing on the basis of disability in violation of the Fair Housing Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE         DOCKET NUMBER

DATE
06/24/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ Colin Stroud

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.   19-313 |
| | ) | |
| Hubbard Properties, Inc., Hunter's Pointe, LLC, and | ) | |
| Bethany Petz | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Hubbard Properties, Inc.
2275 Green Springs Highway
Birmingham, AL 35205

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Colin Stroud
U.S. Department of Justice
Civil Rights Division -- HCE
950 Pennsylvania Ave. NW
Washington, D.C. 20530

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| Hubbard Properties, Inc., Hunter's Pointe, LLC, and | ) |
| Bethany Petz | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.   19-313

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Hunter's Pointe, LLC
2275 Green Springs Highway
Birmingham, AL 35205

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Colin Stroud
U.S. Department of Justice
Civil Rights Division -- HCE
950 Pennsylvania Ave. NW
Washington, D.C. 20530

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

| | |
|---|---|
| United States of America<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Hubbard Properties, Inc., Hunter's Pointe, LLC, and Bethany Petz<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No.   19-313 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Bethany Petz
Hunter's Pointe Apartments
3205 Lloyds Lane
Mobile, AL 36693

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Colin Stroud
U.S. Department of Justice
Civil Rights Division -- HCE
950 Pennsylvania Ave. NW
Washington, D.C. 20530

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*